UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
TOMMY WHITE,

                   Plaintiff,

       - against -

ANCHOR HOUSE, INC.,

                 Defendant.
-------------------------------------------------------X

**ORDER**
**11 CV 3232 (NGG)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff filed a proposed amended complaint in this *pro se* employment discrimination action. Defendant consents in part and objects in part to the proposed amendment. For the reasons set forth below, plaintiff's motion to amend is granted.[1]

## BACKGROUND

Plaintiff commenced this action against his former employer, defendant Anchor House, Inc. ("Anchor"), on June 30, 2011. Docket entry # 1. Plaintiff utilized the form complaint provided by the Court's Pro Se Office. Plaintiff's complaint alleged that Anchor terminated him, failed to accommodate his disability, established unequal terms and conditions of employment, and retaliated against him. Id. at 6. The complaint attached plaintiff's EEOC Charge of Discrimination, which checked off race, disability, and perceived disability, as well as the Notice of Charge of Discrimination, which listed race, national origin, and disability as the bases for the alleged discrimination. However, on the face of the form complaint, plaintiff only checked the box for race-based discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

---

[1] As plaintiff's action has been referred to me for all pretrial supervision, Local Civil Rule 72.2, I can decide plaintiff's instant motion to amend the complaint. See Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007) ("[A] district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent.").

2000e, *et seq.* Id. at 1, 3. Anchor answered the complaint on August 18, 2011. Docket entry # 6.

The Court held an initial conference during which I notified plaintiff of the discrepancy between his administrative filing and his complaint. The Court granted plaintiff permission to file a proposed amended complaint and directed defendants to notify the Court whether they consented to the proposed amended complaint or opposed it. Plaintiff's proposed amended complaint alleges that Anchor discriminated against him on the basis of his race, national origin, and disability. Docket entry # 12. Plaintiff adds no new factual allegations in the proposed amended complaint. Anchor objects to the amended complaint only insofar as it includes a claim for national origin discrimination, arguing that plaintiff failed to administratively exhaust this claim. Docket entry # 15.

**DISCUSSION**

**I.     Legal Standards**

**A.     Rule 15(a) Standard for Leave to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure instructs that leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a). The Court may deny a motion to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178 (1962)).

"An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." Dougherty v. Town of N. Hempstead Bd. of

2

Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002). On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Iqbal, 129 S. Ct. at 1950. In deciding a motion to dismiss or a motion to amend, the Court may consider, in addition to the complaint, documents that plaintiff attached to the pleadings, documents referenced in the complaint, documents that plaintiff relied on in bringing the action which were in plaintiff's possession or of which plaintiff had knowledge, and matters of which judicial notice may be taken. Chambers, 282 F.3d at 152-153.

## II.    Application of Rule 15(a) Standard

Anchor argues that amending the complaint to add a national origin discrimination claim would be futile because plaintiff did not exhaust this claim.

"Before an individual may bring a Title VII suit in federal court, the claims forming the basis of such a suit must first be presented in a complaint to the EEOC or the equivalent state agency." Williams v. N.Y. City Hous. Auth., 458 F.3d 67, 69 (2d Cir. 2006) (citing 42 U.S.C. § 2000e-5). "Claims not raised in an EEOC complaint, however, may be brought in federal court if they are 'reasonably related' to the claim filed with the agency." Id. at 70 (citation omitted). A claim is considered reasonably related "if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made," if the plaintiff "alleges further incidents of discrimination carried out in precisely the

3

same manner alleged in the EEOC charge," or if the plaintiff "alleg[es] retaliation by an employer against an employee for filing an EEOC charge." Id. "In determining whether claims are reasonably related, the focus should be on the factual allegations made in the [EEOC] charge itself, describing the discriminatory conduct about which a plaintiff is grieving." Deravin v. Kerik, 335 F.3d 195, 201 (2d Cir. 2003) (internal quotation marks and citation omitted). "The 'reasonably related' exception to the exhaustion requirement is essentially an allowance of loose pleading and is based on the recognition that EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims [he] is suffering." Williams, 458 F.3d at 70 (internal quotation marks and citation omitted).

Here, plaintiff's EEOC charge alleges that after a work-related injury, Anchor's "Executive Director, who is Hispanic, made the decision to demote me and replaced me with another Hispanic employee." Docket entry # 12 at 6. Plaintiff stated he believed this was due to his "race (African American)" and because of a perceived disability. Id. The question before the Court is whether these allegations are reasonably related to a national origin discrimination claim. The Second Circuit Court of Appeals has cautioned that:

> courts should not attempt to draw overly fine distinctions between race and national origin origin claims as part of the threshold exhaustion inquiry prior to the full development of a plaintiff's claims, given the potential overlap between the two forms of discrimination, and the 'loose pleading' which is permitted in the EEOC complaint.

Deravin v. Kerik, 335 F.3d 195, 202 (2d Cir. 2003).

The Court notes that while an allegation of race discrimination may not always provide notice of national origin discrimination, there "are instances where the line between discrimination on account of race and discrimination on account of national origin may be so thin as to be indiscernible." Id. (allegation of preferential treatment for Irish American

employees encompassed race-based discrimination claim). See also, Alonzo v. Chase Manhattan Bank, N.A., 25 F. Supp. 2d 455, 460 (S.D.N.Y. 1998) ("given the uncertainty among courts whether 'Hispanic' is better characterized as a race or national origin, [plaintiff's] claims of race discrimination are reasonably related to his claims of national origin discrimination"). In this case, the Court need not delve into a socio-historical analysis of the terms "Hispanic" and "African American." The EEOC has answered the question before the Court. The Notice of Charge of Discrimination issued by the EEOC to Anchor House lists the "circumstances of alleged discrimination" as race, national origin, and disability. Docket entry # 12 at 7. Thus "the facts in the original EEOC charge" "sufficiently apprise[d] the EEOC that another type of discrimination lurks in the background." Alonzo, 25 F. Supp. 2d at 458. As plaintiff's proposed national origin claim "[fell] within the scope of the EEOC investigation," Williams, 458 F.3d at 70, it is reasonably related to the claims he explicitly raises in his EEOC charge. Accordingly, the proposed amendment would not be futile.

**CONCLUSION**

For the reasons set forth above, plaintiff's motion to amend is granted. Plaintiff's amended complaint, docket entry # 12, is the operative pleading. Defendant shall respond to the amended complaint by November 21, 2011.

SO ORDERED.

/Signed by Judge Lois Bloom/
LOIS BLOOM
United States Magistrate Judge

Dated: November 3, 2011
Brooklyn, New York